**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**CLIFTON DIXON, Jr.**                                       **PLAINTIFF**

**V.**                              **CIVIL ACTION NO. 3:26-cv-65-HTW-LGI**

**KEONDRIA CUMMINGS**                             **DEFENDANT**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case is before the Court for a screening of Plaintiff's 42 U.S.C. § 1983 Civil Rights Complaint under 28 U.S.C. § 1915(e)(2)(B). Plaintiff has filed a Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1). The Court is required under §1915(e), however, to dismiss a case filed by a plaintiff seeking to proceed *in forma pauperis* if it determines that the Complaint is frivolous or malicious; fails to state a claim for which relief can be granted; or, seeks monetary relief against an immune defendant. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176–77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992). Upon finding Plaintiff's initial complaint deficient, the undersigned issued an order directing Plaintiff to file an amended complaint. *Neitzke v. Williams*, 490 U.S. 319, 329, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). Having now screened his amended allegations, the undersigned recommends that this case be summarily dismissed, and his request to proceed *in forma pauperis* be denied as moot.

Plaintiff alleges that Defendant committed wrongful acts against him, which include, among other things, creating fraudulent accounts in his name, hacking his phone,

and stealing his money.  Federal courts are courts of limited jurisdiction, however, empowered to hear only those cases which are within the judicial power conferred by the United States Constitution and those which fall within the jurisdiction granted by Congress. *Richardson v. United States*, 943 F.2d 1107, 1112–12 (9th Cir. 1991). Jurisdiction must be based either on diversity of citizenship, in suits involving more than $75,000 between citizens of different states, or on a claim involving the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, 28 U.S.C. § 1332. To establish diversity jurisdiction, a plaintiff must allege that they are citizens of one state, that all defendants are citizens of other states, and that the damages are more than $75,000. *Pullman Co. v. Jenkins*, 305 U.S. 534, 541, 59 S. Ct. 347, 83 L. Ed. 334 (1939).  To invoke federal-question jurisdiction, a plaintiff must allege that the defendants have violated some constitutional or statutory provision.

No basis for federal jurisdiction is present here.  The named parties do not appear to be completely diverse; per Plaintiff, both are Mississippi residents.  Moreover, Plaintiff does not allege that Defendant violated any statutory or constitutional provision.  Though he has filed suit using the Court's §1983 Civil Rights Complaint form, he fails to state a cognizable claim under this statute or any other statutory provision.  *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005).

Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States. *Rehberg v. Paulk*, 566 U.S. 356, 361, 132 S. Ct. 1497, 182 L. Ed. 2d 593 (2012).  Neither a private company nor a private

individual are generally considered state actors subject to liability under §1983. *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005) ("Private individuals generally are not considered to act under color of law, i.e., are not considered state actors. . . ."). A purely private actor, that is, may be liable for misconduct in state court, but his conduct is not actionable under Section 1983, no matter how egregious. *Bui Phu Xuan v. Fort Worth Star Telegram*, 277 F. App'x 452, 454 (5th Cir. 2008). Accordingly, Plaintiff fails to state a cognizable §1983 claim.

Liberally construed, Plaintiff's amended allegations do not otherwise state a plausible basis for relief. Even a liberally construed complaint must set forth facts giving rise to a claim on which relief may be granted. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (citations omitted). Plaintiff's amended allegations, however, remain vague and conclusory, with little to no context for the statements and allegations made therein. Though "detailed factual allegations," are not required, a complaint must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). (quotation and citation omitted). To the extent that Plaintiff seeks to impose criminal liability upon Defendant, a private citizen lacks the authority to initiate a criminal prosecution against anyone. *Balawajder v. Jacobs*, 220 F.3d 586 (5th Cir. 2000) (citations omitted) ("A private party has no right to enforce federal criminal statutes").

For the reasons explained, the undersigned recommends that Plaintiff's Complaint be summarily dismissed for lack of jurisdiction and for failure to state a claim under

§1915(e)(2)(B).  Is it further recommended that Plaintiff's request to proceed *in forma pauperis* be denied as moot.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Under Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, will bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on May 27, 2026.

s/LaKeysha Greer Isaac<br>UNITED STATES MAGISTRATE JUDGE